**UARCO INCORPORATED, a Delaware corporation, Plaintiff,**

v.

**The VIGUERIE COMPANY, a Virginia corporation, Defendant.**

**No. 85 C 6540.**

United States District Court, N.D. Illinois, E.D.

Oct. 11, 1985.

William A. Montgomery, Marci A. Eisenstein and Andrew A. Kling, Schiff, Hardin & Waite, Chicago, Ill., for plaintiff.

Burton A. Schwalb, Charles B. Wayne, Schwalb, Donnenfeld, Bray & Silbert, Washington, D.C., and Bruce H. Schoumacher, McDermott, Will & Emery, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

BUA, District Judge.

Before the Court is defendant's motion to dismiss plaintiff's complaint for compensatory damages. Plaintiff's cause of action arises out of a breach of contract. Jurisdiction is based on 28 U.S.C. § 1332. For the reasons stated herein, the Court denies defendant's motion to dismiss.

### FACTS

The following facts are alleged in plaintiff's complaint for breach of contract and supporting affidavits. For purposes of this order they are considered to be true.

Plaintiff Uarco, an Illinois resident, manufactures and mails printed paper. Defendant Viguerie, a non-Illinois resident, contracted with Uarco to print and mail solicitation letters seeking political contributions. During the course of the contract's performance, Viguerie made at least four trips to Illinois to review the performance of Uarco's work. Moreover, Viguerie toured Uarco's Illinois plant and attended an Uarco sales presentation. In addition, Viguerie met with Uarco in Illinois to negotiate extending Viguerie's line of credit.

### DISCUSSION

Viguerie moves to dismiss Uarco's claim for lack of personal jurisdiction. Viguerie argues that Uarco's breach of contract action fails to satisfy Illinois' long-arm statutory requirements. Three reasons are provided. First, Viguerie asserts that its actions in Illinois were insufficient to confer personal jurisdiction on this Court because its acts were conducted solely as an agent for a nonparty corporation. Second, Viguerie maintains that this Court does not have jurisdiction over a nonresident purchaser who buys from a resident seller. Finally, Viguerie suggests that the Court lacks jurisdiction because a more convenient state court could also exercise jurisdiction.

It is established in this circuit that federal district courts in Illinois have personal jurisdiction over defendants in diversity cases only when Illinois courts could also properly exercise jurisdiction. *Deluxe Ice Cream Company v. R.C.H. Tool Corp.*, 726 F.2d 1209 (7th Cir.1984). In Illinois, a nonresident corporation is amenable to suit if it performs one of the acts enumerated in Illinois' long-arm statute, including the "transaction of any business" within Illinois. Ill.Ann.Stat. ch. 110, § 2–209 (Smith-Hurd 1985). Although transacting business in Illinois establishes jurisdiction pursuant to the Illinois statute, due process requirements must also be satisfied. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

■ Viguerie first contends that this Court lacks personal jurisdiction over a nonresident agent who conducted business in Illinois for the sole benefit of its princi-

pal. Viguerie bases his argument on the premise that it was acting exclusively as an agent for a nonparty corporation. Uarco's complaint and supporting affidavits prove this premise is false. Since any factual conflicts must be resolved in favor of the nonmoving party, the Court believes Viguerie was not an agent but rather a distinct buyer acting on its own behalf. *Neiman v. Rudolf Wolff & Co.*, 619 F.2d 1189, 1190 (7th Cir.1980). Consequently, Viguerie's discussion concerning the lack of jurisdiction over an agent is irrelevant and therefore meritless.

 Viguerie's second contention is that Illinois' long-arm statute is inapplicable because Viguerie did not transact business within Illinois. Viguerie maintains that its acts as a nonresident purchaser buying from a resident seller does not confer personal jurisdiction on this Court. This distinction between a defendant who sells to Illinois residents and who buys from Illinois residents is important, but not determinative as Viguerie suggests. The Court's finding of personal jurisdiction does not rest exclusively on the defendant's contractual status as seller. Whether a defendant is a seller or buyer is only one of several factors to analyze when determining whether a defendant had transacted business within Illinois.

This Court holds that Viguerie had transacted business within Illinois. Viguerie submitted purchase orders to Uarco. During the course of the contract's performance, Viguerie made four trips to Illinois to review Uarco's work. In addition, Viguerie toured Uarco's Illinois plant. Finally, Viguerie met with Uarco in Illinois to negotiate extending Viguerie's line of credit with Uarco. All of these factors establish a meaningful contact with Illinois.

This Court's application of Illinois' long-arm statute comports with due process requirements. Viguerie had certain minimum contacts with Illinois such that the maintenance of Uarco's suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66

S.Ct. 154, 158, 90 L.Ed. 95 (1945). In light of Viguerie's actions within Illinois, it is fair and reasonable to subject Viguerie to suit in Illinois.

 Viguerie's third assertion suggests that this Court lacks personal jurisdiction because a more convenient state court could also exercise jurisdiction. This argument fails for two reasons. First, convenience is not a factor to consider in a motion to dismiss for lack of personal jurisdiction. Second, a finding of personal jurisdiction in federal court is not affected by the fact that a state court also has jurisdiction. In fact, the very nature of every federal diversity suit implies that both the state and federal courts could properly exercise personal jurisdiction.

## CONCLUSION

Viguerie's business transactions within Illinois conferred personal jurisdiction on this Court. Accordingly, defendant's motion to dismiss is denied.

IT IS SO ORDERED.